■    In the Matter of the Probate of the Will of KAROLINA KRUSZELNICKI, Deceased. ADAM BONARSKI, Consul General and Chief of the Consular Division of the Embassy of the Polish People's Republic at Washington, D. C., as Attorney in Fact for BRONISLAWA ZURAKOWSKI et al., Appellants; OKSANA SASYK, Respondent.— Decree unanimously reversed on the law and facts, with costs to appellants payable out of the estate, and matter remitted to the Surrogate's Court for a new trial solely on objection "3", in accordance with the Memorandum. Memorandum: Appellants contested the probate of decedent's will on the grounds that it was not duly executed, that the decedent was not of sound mind and that the execution of the will was obtained by the fraud and undue influence of respondents. At the close of all the proof the Surrogate dismissed the fraud and undue influence objection and submitted the two questions of due execution and testamentary capacity to the jury which found for the proponents in both respects. The jury's verdict should not be disturbed, but the refusal of the court to have submitted the question of fraud and undue influence to the jury was error and a new trial of this issue should be had. The will in question, executed less than three months before her death, was the last of four wills executed by decedent and provided a substantial change in dispository scheme from the three which preceded it. This last will contained specific and residuary legacies, totaling in excess of 80% of her entire estate, to proponents who were in no way related to her and for whom no provision whatsoever had ever been made in any prior will. Proponents did not become particularly friendly with decedent until the Fall of 1962, after her husband's death and at a time when decedent was seriously ill from a complication of diseases which caused her death in April of 1963. The evidence as to the actions of proponents during this period and letters written to relatives of decedent by the father of the principal legatees and executrix designated in the will, presented several questions of fact as to fraud and undue influence which should have been submitted to the jury for resolution. While, obviously, we do not pass upon the merits of the issue, pertinent is the statement in *Matter of Kaufmann* (20 A D 2d 464, 486, affd. 15 N Y 2d 825): "Here, we are concerned with a marked departure from a prior, natural plan of testamentary disposition which excessively and unnaturally favors a nonrelative under circumstances establishing motive, opportunity, [and] overreaching". Affirming as we do the jury's verdict as to proper execution and testamentary capacity, the new trial should be limited solely to objection "3" that the execution of the will was procured by fraud and undue influence. (Appeal from decree of Erie Surrogate Court admitting to probate the last will and testament of Karolina Kruszelnicki, deceased.) Present — Williams, P. J., Bastow, Goldman, Noonan and Del Vecchio, JJ.